**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS LORENZO ARMENTERO, | No. 11-15157 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-01838-GEB-KJM |
| v. | |
| C. LEVAN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted December 19, 2011[**]

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Luis Lorenzo Armentero, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging violations of his

rights to due process and equal protection. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo the district court's summary judgment, *Ballen v. City*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*of Redmond*, 466 F.3d 736, 741 (9th Cir. 2006), and for an abuse of discretion the denial of a motion to amend or alter the judgment under Fed. R. Civ. P. 59(e), *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  We affirm.

The district court properly granted summary judgment because Armentero failed to raise a genuine dispute of material fact as to whether defendants caused the alleged deprivation of his constitutional rights based on his racial classification. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which the plaintiff complains." (citation, internal quotation marks, and brackets omitted)).

The district court did not abuse its discretion by denying Armentero's motion to amend or alter the judgment.  *See Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (setting forth grounds for reconsideration under Rule 59(e)).

Armentero's remaining contentions are unpersuasive.

**AFFIRMED.**

2